IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BASIL A. FRYE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-cv-0977 |
| | ) | |
| THOMPSON STEEL COMPANY, INC., | ) | Magistrate Judge Jeffrey Cole |
| a Massachusetts Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## THOMPSON STEEL'S MOTION
## FOR JUDGMENT ON THE ADMINISTRATIVE RECORD

Defendant Thompson Steel Company, Inc., by and through its attorneys and pursuant to Fed. R. Civ. P. 56, moves for summary judgment based on the administrative record, and in support states:

1. This case involves a single claim for benefits and declaratory judgment relief under the Declaratory Judgment Act and Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).

2. The central issue in this case is whether Plaintiff has met his burden to establish that the Plan Administrator, the Thompson Steel Retirement Committee (the "Committee")[1], was "arbitrary and capricious" when it affirmed the Company's decision to reduce Plaintiff's pension payments by the total amount of his workers' compensation settlements in accordance with the terms of the Plan. Plaintiff cannot carry his burden.

3. The Plan's governing documents expressly state that the Committee has sufficient discretion and authority to interpret and administer the Plan so as to warrant review of its benefits determination on Plaintiff's claim under the very deferential arbitrary and capricious standard. Under this standard, the Court is limited to reviewing the evidence contained in the

---
[1] Capitalized terms shall have the same meaning as set forth in the accompanying Statement of Undisputed Material Facts.

Administrative Record filed with the Court, and the Committee's determination can only be deemed arbitrary and capricious if it is downright unreasonable.

4. The Administrative Record establishes that the Committee's decision to deny Plaintiff's claim was grounded in reason, supported by the evidence, and backed by the Plan's terms. As such, it was reasonable and not arbitrary or capricious, and the Company is entitled to judgment as a matter of law on Plaintiff's ERISA claims.

5. In support of this motion, Defendant has filed its Memorandum in Support of Its Motion for Judgment on the Administrative Record as well as Defendant's Local Rule 56.1(a)(3) Statement of Undisputed Material Facts.

WHEREFORE, Defendant Thompson Steel respectfully requests that the Court grant Thompson Steel its motion for judgment on the administrative record, dismiss Plaintiff's complaint in its entirety as a matter of law with prejudice, and award it all other relief as the Court deems appropriate.

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

By: /s/ Michael T. Graham
Michael T. Graham
Attorneys for Defendant
227 West Monroe Street
Chicago, Illinois 60606
Telephone: 312.984.3606
Email: mgraham@mwe.com

McDERMOTT WILL & EMERY LLP
Heather Egan Sussman
28 State Street
Boston, Massachusetts 02109
Telephone: 617.535.54177
Email: hsussman@mwe.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2009, I electronically filed the foregoing document and this certificate with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel of record.

McDERMOTT WILL & EMERY LLP
By: /s/ Michael T. Graham
Attorneys for Defendant
227 West Monroe Street
Chicago, Illinois 60606
Telephone: 312.984.3606
Email: mgraham@mwe.com

McDERMOTT WILL & EMERY LLP
Heather Egan Sussman
28 State Street
Boston, Massachusetts 02109
Telephone: 617.535.54177
Email: hsussman@mwe.com
